IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00296-BO

**Strike 3 Holdings, LLC**,

    Plaintiff,

v.

**John Doe**, subscriber assigned IP address 24.211.233.225,

    Defendant.

**Order**

Plaintiff Strike 3 Holdings, LLC has filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. Pl. Mot., D.E. 5. It seeks to subpoena an internet service provider to learn the identity of one of the ISP's subscribers. According to Strike 3, that subscriber has infringed its copyrights. The court will grant the motion, but because of various privacy concerns, it will allow the subscriber an opportunity to be heard before his or her identity is disclosed. For the reasons below, the court grants[1] the motion.

**I.    Background**

Strike 3 "is the owner of award-winning, critically acclaimed adult motion pictures." Compl. ¶ 2, D.E. 1. It alleges that the defendant—who is only known through their internet protocol ("IP") address—has been infringing its copyrights by illegally downloading its movies using the BitTorrent platform. *Id.* ¶ 4. That platform allows users to share files, including video files, "quickly and efficiently" across the internet. *Id.* ¶¶ 17, 18.

---

[1] This motion has been referred to the undersigned magistrate judge for entry of an order under 28 U.S.C. § 636 (b).

Strike 3 has created a proprietary software known as VXN Scan to help it detect instances of copyright infringement *Id.* ¶ 27. Using that software Strike 3 determined that the IP address listed in the Complaint had been downloading files that contain infringing copies of its copyrighted works. *Id.* ¶¶ 28–33. Strike 3 then used geolocation technology to determine that the IP address used to download the infringing files traced back to a location in the Eastern District of North Carolina. *Id.* ¶ 9.

After filing its Complaint, Strike 3 asked the court to allow it to serve a subpoena on the internet service provider ("ISP") associated with the IP address. Mot. for Early Disc., D.E. 5. The subpoena seeks the name and address of the person to whom the ISP assigned the IP address in the Complaint. Proposed Order ¶ 2, D.E. 5-1.

## II. Analysis

To be able to engage in discovery at this stage, Strike 3 must show that there is good cause for it to do so. A four-part test governs whether good cause exists in any case. Here, Strike 3 can satisfy each part of that test, so it may engage in early discovery. But given the nature of the content at issue and the potential for First Amendment concerns, the court will allow the subscriber an opportunity to be heard before their identity is disclosed.

Generally, the Federal Rules of Civil Procedure only allow parties to engage in discovery after they have "conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). But there are several exceptions to this general rule, including an exception for discovery authorized by a court order. *Id.* at 26(d)(1).

The undersigned has concluded that requests for early discovery are governed by a four-part reasonableness test. *Chryso, Inc.* v. *Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-

CV-00115-BR, 2015 WL 12600175, at *2–3 (E.D.N.C. June 30, 2015). To begin with, courts should consider "the procedural posture of the case[.]" *Id.* at *3. Next, they should ask "whether the discovery at issue is narrowly tailored" to the issue at hand. *Id.* Then, a court should analyze if "the requesting party would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference[.]" *Id.* And finally, the court should look at "whether the documents or information sought through discovery will be unavailable in the future or are subject to destruction." *Id.*

These factors justify Strike 3's request. This case is in its nascent stages and will be unable to move forward until Strike 3 learns the defendant's identity. The requested discovery is narrowly tailored to obtain that information, which is otherwise unavailable to Strike 3. And unless the court authorizes the subpoena, Strike 3 will be irreparably harmed because it will have no way to address the alleged infringement described in the complaint.

While the court will grant Strike 3's request, it remains sensitive to the privacy concerns implicated by the subpoena request. Some individuals may find it embarrassing to be publicly identified as a downloader of adult films. And there can be First Amendment concerns when a court reveals the identity of someone who wishes to engage in anonymous or pseudonymous conduct.[2] To address these concerns courts may allow a defendant to proceed without publicly disclosing their name. *Strike 3 Holdings, LLC* v. *Doe*, No. 23-CV-1434 (PJS/DJF), 2023 WL 4074544, at *7 (D. Minn. June 20, 2023); *Strike 3 Holdings, LLC* v. *Doe*, No. CV 23–11716-GAO,

---

[2] *See* Eugene Volokh. *Why We Should Care About Pseudonymity in Litigation*, The Volokh Conspiracy (Aug. 23, 2023, 8:01 AM), https://reason.com/volokh/2023/08/23/why-we-should-care-about-pseudonymity-in-litigation/; *see also* Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022); Danielle Keats Citrone & Daniel J. Solove, *Privacy Harms*, Boston University Law Review 793 (2022), Available at SSRN: https://ssrn.com/abstract=3782222 or http://dx.doi.org/10.2139/ssrn.3782222.

2023 WL 5485794, at *2 (D. Mass. Aug. 18, 2023); *Strike 3 Holdings, LLC* v. *Doe*, No. 20 Civ. 4501 (WFK) (VMS), 2021 WL 535218, at *5–8 (E.D.N.Y. Feb. 12, 2021).

What's more, the subscriber connected with the IP address may not be the one downloading the infringing materials. Multiple people may use the same IP address within a home. And IP addresses may be hijacked, or "spoofed", by sophisticated parties for nefarious purposes.[3]

All these concerns counsel against rushing to disclose the subscriber's identity. Thus, the court will require the ISP to notify the subscriber and allow the subscriber an opportunity to be heard before their identity is disclosed.

**III.  Conclusion**

For the reasons discussed above, the court grants Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. D.E. 5. But given the privacy concerns here, the court will allow the subscriber the opportunity to be heard before their identity is disclosed.

Thus it is ordered that:

1. The subpoena must be served within 7 days from the entry of this order.
2. Strike 3 may also serve a subpoena on any ISP it later learns is associated with the IP address listed in the Complaint.

---

[3] K'Lee Banks, *What Is IP Hijacking?*, EasyTechJunkie (Last Modified Sept. 02, 2023), https://www.easytechjunkie.com/what-is-ip-hijacking.htm; *IP spoofing: How it works and how to prevent it*, Kaspersky (2023), https://usa.kaspersky.com/resource-center/threats/ip-spoofing; Andra Zaharia, Was Your IP Address Hacked? How To Tell & What To Do, Aura (Apr. 19, 2023), https://www.aura.com/learn/ip-address-hacked#6.-Frame-you-for-illegal-activities-(including-cybercrime). "2022 was a record year for malicious hacking and cyberattacks, with hackers compromising over 22 billion records and even shutting down an entire country for days on end…some hackers use sophisticated methods for targeting their victims, many stick with a simple approach: IP address hacking."

3. The subpoena may only seek the name and address of the person or persons to whom the ISP assigned the IP address listed in the Complaint.

4. Strike 3 must attach a copy of the Complaint and this order to any subpoena it serves.

5. An ISP that receives a subpoena under this order must:

   a. Provide a copy of the subpoena, the Complaint, and this order to the subscriber within 14 days of service. The ISP may send these documents to the subscriber's last known email address or mailing address.

   b. Not disclose the subpoenaed information to Strike 3 until the later of 17 days after it sends the subpoena, the Complaint, and this order to the subscriber or the resolution of a motion to quash the subpoena.

   c. Preserve all subpoenaed information until it either produces the information or the court grants a motion to quash the subpoena.

6. If the subscriber associated with the IP address seeks to quash the subpoena, he or she must do so within 14 days after receiving the subpoena, the Complaint, and this order from the ISP.

7. Strike 3 must notify the ISP that a motion to quash has been filed within 24 hours after it receives notice of such a filing.

8. Strike 3 may only use information received through the subpoena for purposes of this lawsuit.

9. Strike 3 may not publicly disclose any information it receives in response to the subpoena until after the subscriber (or anyone subsequently identified as the defendant) has the

opportunity to move to proceed anonymously. A request for a summons and any summons issued by the Clerk of Court must be filed under seal.

10. The subscriber (or anyone subsequently identified as the defendant) must move to proceed anonymously no later than 14 days after he or she appears here. After that deadline, if no such motion is filed, the restriction in this paragraph no longer applies. If a motion is filed, the restriction in this paragraph will remain in effect until that motion is resolved.

11. This order satisfies the requirement of 47 U.S.C. § 551(c)(2)(B) which allows a cable provider, as defined under 47 U.S.C. § 522(5), to disclose a subscriber's personally identifying information pursuant to a court order after giving notice to the subscriber.

12. Strike 3 may not engage in any other discovery before the Rule 26(f) conference occurs or the court orders otherwise.

13. Given the need to determine the identity of the subscriber and the subscriber's contact information, the court finds that there is good cause to extend the time for service of the summons and complaint. Fed. R. Civ. P. 4(m). Strike 3 must serve the defendant as follows:

    a. If no motion to quash is filed, service must occur within the later of the original period of service provided by Rule 4(m) or 60 days after entry of this order.

    b. If a motion to quash is filed, service must occur within 21 days after resolution of that motion.

Dated: June 24, 2024.

_Robert T. Numbers II_
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE