UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:24-CV-00296-BO-RN

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC**<br><br>        Plaintiff,<br><br>v.<br><br>**JOHN DOE subscriber assigned IP address 24.211.233.225,**<br><br>        Defendant. | **ANSWER** |

Defendant Robert Hannigan ("Defendant"), by and through its undersigned counsel, submits the following Answer to the First Amended Complaint by Plaintiff Strike 3 Holdings, LLC. Defendant denies all allegations in the Complaint that it does not expressly admit in this Answer.

Defendant responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

## NATURE OF ACTION

1. It is admitted that Plaintiff brought claims for alleged copyright infringement. Except as expressly admitted herein, denied.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

4. Denied.

1

5. It is admitted that Defendant was served in this case based on allegations that Defendant's IP address is 24.211.233.225. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

7. It is admitted that the complaint brings claims under the United States Copyright Act, 17 USC §§ 101 *et seq*., and seeks damages. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

## JURISDICTION AND VENUE

8. It is admitted that Plaintiff brings a copyright claim and that the court has subject matter over copyright claims pursuant to 28 USC 1331 and 1338. Except as expressly admitted herein, denied.

9. It is admitted that Defendant is a resident in this judicial district such that personal jurisdiction is appropriate. Except as expressly admitted herein, denied.

10. It is admitted that Defendant is a resident in this judicial district such that venue is appropriate. Except as expressly admitted herein, denied.

## PARTIES

11. Upon information and belief, admitted.

12. Admitted.

## FACTUAL BACKGROUND

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

17. It is admitted that BitTorrent is a system that allows files to be shared over the Internet. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

40. It is admitted that Plaintiff asserts the items on Exhibit A are infringing acts. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

41. It is admitted that Exhibit A includes lists of certain pieces of electronic information and that Plaintiff claims this information is the UTC time, the "Info Hash value" and the "File Hash value.". Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

42. It is admitted that Plaintiff asserts the information on Exhibit A includes copyright registration information for various works. Except as expressly admitted herein, Defendant lacks

knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

43. Denied.

44. Denied.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

46. It is admitted that Plaintiff's complaint requests statutory damages, attorneys' fees, and costs. Except as expressly admitted herein, denied.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

51. Admitted.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

53. It is admitted that Defendant lives at the address identified in paragraph 12. Except as expressly admitted herein, denied.

54. It is admitted that Defendant is the only adult male living at the address identified in paragraph 12. Except as expressly admitted herein, denied.

55. It is admitted that Defendant's spouse resides with Defendant at the address identified in paragraph 12. Except as expressly admitted herein, denied.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

60. It is admitted that, prior to his retirement, Defendant ran a small company that sold garden fences for vegetable gardens and that Defendant invented the specific fencing sold by that company. It is further admitted that Defendant is retired and that company is no longer in operation. Except as expressly admitted herein, denied.

61. Denied (to include sub-paragraphs a, b, c, and d).

62. It is admitted that, prior to his retirement, Defendant ran a small company that sold garden fences for vegetable gardens and that Defendant invented the specific fencing sold by that company. It is further admitted that Defendant is retired and that company is no longer in operation. Except as expressly admitted herein, denied.

63. Denied (to include sub-paragraphs a and b).

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

64. The foregoing allegations are incorporated by reference herein.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

66. Denied.

67. It is admitted that Defendant has not spoken with Plaintiff. Except as expressly admitted herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the same.

68. Denied (to include each of subsections A, B, C, and D).

69. Denied.

## DEFENSES

Without assuming any burden that it would not otherwise bear, Defendant alleges the following defenses to Plaintiff's Amended Complaint.

### FIRST DEFENSE
### Failure to State a Claim

Plaintiff has failed to state a claim upon which the Court may grant relief.

### SECOND DEFENSE
### Non-Infringement

Defendant alleges that it has not infringed any of Plaintiff's rights.

### FOURTH DEFENSE
### Good Faith, Innocence, & Non-Willfulness

At all times material hereto, all of Defendant's actions were taken in good faith, were innocent, and were not willful.

### FIFTH DEFENSE
### Unclean hands

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE
### Reservation of Defenses

Defendant reserves the right to allege other affirmative defenses as they may become known during the course of discovery, and hereby reserves the right to amend its answer to allege such affirmative defenses at such time as they become known.

### PRAYER FOR RELIEF

Wherefore, Defendant prays for an order entering judgment as follows:

A. that Plaintiff's Amended Complaint be dismissed with prejudice;

B. that a judgment be entered in Defendant's favor on all counts of the Complaint;

C. that Defendant be awarded its reasonable costs and expenses of litigation (to include attorneys' fees); and

D. for such other relief as the Court deems just and proper.

This the 24th day of April, 2025.

By: */s/ Emily M. Haas*
Emily M. Haas
NC State Bar No. 39,716
4509 Creedmoor Road, Suite 501
Raleigh, North Carolina 27612
Telephone: (984) 220-8750
Facsimile: (877) 398-5240
Email: emhaas@michaelbest.com

*Attorney for Robert Hannigan*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of April 2025, a true and correct copy of the foregoing **ANSWER** has been electronically filed with the Clerk of Court utilizing the CM/ECF system which will send notice by electronic mail to all counsel of record.

By: */s/ Emily M. Haas*
Emily M. Haas
NC State Bar No. 39,716
4509 Creedmoor Road, Suite 501
Raleigh, North Carolina 27612
Telephone: (984) 220-8750
Facsimile: (877) 398-5240
Email: emhaas@michaelbest.com

*Attorney for Robert Hannigan*